# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:08cv389

| | |
|---|---|
| JEFFREY L. BROWN, BARRY WEST, CARLOS MCCUNE, KEVIN D. CALLAHAN, and JEFFREY TAYLOR, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) **O R D E R** ) |
| BRADMAN LAKE GROUP a/k/a LANGLEY HOLDINGS Plc, and BRADMAN LAKE, INC., | ) ) ) ) |
| Defendants. | ) ) |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Remand [Doc. 7].

The Plaintiffs filed this action on July 23, 2008 in the Mecklenburg County General Court of Justice, Superior Court Division, asserting a federal claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e, *et seq.* ("Title VII"), the Americans with Disabilities Act of 1990, 42 U.S.C. §§12101, *et seq.* ("ADA"), and the Family and Medical Leave Act of 1993, 29 U.S.C. §§2601, *et seq.* ("FMLA"), and state law claims for violations of the North Carolina Retaliatory Employment

Discrimination Act, N.C. Gen. Stat. §§95-240, *et seq.*, wrongful discharge, intentional and/or negligent infliction of emotional distress, and "vicarious liability."  [Doc. 1-2 at ¶¶118-152].  The Defendant were served with the Plaintiff's Complaint on or about July 28, 2008.  [Doc. 1 at ¶3].  The Defendants filed a Notice of Removal on August 22, 2008, based upon the federal question presented by the Plaintiffs' Title VII, ADA, and FMLA claims.  [Doc. 1].

The Plaintiff now moves for remand, arguing without any citation of legal authority, that the Plaintiff's state law claims may not be removed in the absence of diversity jurisdiction.  [Doc. 7 at 2].

In the present case, the Defendants properly removed this action based upon the federal question presented by Plaintiffs' Title VII, ADA, and FMLA claims.  See 28 U.S.C. §1331; 28 U.S.C. §1441(a).  The existence of these federal claims entitled the Defendants to remove this action, regardless of the citizenship of the parties.  See 28 U.S.C. §1441(b).

A review of the Complaint filed in this action shows that the Plaintiffs' state law claims clearly arise out of the same case or controversy as the Plaintiffs' federal claims.  Accordingly, this Court has supplemental jurisdiction over the Plaintiffs' state law claims.  See 28 U.S.C. §1367(a).

While a district court may decline to exercise supplemental jurisdiction over state law claims under certain circumstances, <u>see</u> 18 U.S.C. §1367(c), the Plaintiffs have not presented any reason why the Court should exercise its discretion and decline supplemental jurisdiction in this case.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Motion to Remand [Doc. 7] is **DENIED**.

**IT IS SO ORDERED.**

Signed: October 15, 2008

Martin Reidinger
United States District Judge